OVERGAARD, Appellant, v. GOODHOPE, Respondent.

(184 N. W. 2.)

(File No. 4778.   Opinion filed August 15, 1921.   Rehearing on motion to dismiss appeal denied March 25, 1921.)

1. **New Trials—Whether Order Denying Made Within Year From Filing Judgment Roll—Appeal Record, Non-showing Re Judgment Roll, Appellant's Uncontroverted Brief Alleging Timely Appeal, As Controlling—Trial Court's Jurisdiction, Whether Lost.**

On motion in Supreme Court to dismiss appeal from an order denying new trial and for affirmance below, under an

appeal from a judgment which could then have been taken within a year after filing judgment roll, appeal record not showing if ever such roll was filed, appellant's uncontroverted brief stating that appeal was timely will be taken as true, and, such roll not having been filed, appeal was timely; and trial court could hear motion for new trial when it did so; and, appeal having been taken within 60 days after service of entry of order denying the motion, appeal was timely and affirmance is denied.

2. **Contracts—Exchanges of Realty—Acceptance of Defendant's Note Re Certain Payment and Defendant's Deed, Sale of Exchanged Property by Plaintiff, His Refusal to Deliver Such Deed Pending Note Payment, His Suit to Cancel Contract, Non-offer to Return Conveyed Property, Effect.**

Where under a contract for exchanges of realty, plaintiff accepted defendant's note for an amount agreed he should pay, also his deed of the property, and thereafter sold the latter to third party, refusing to deliver his deed for the exchanged property because the note had not been paid, held, in a suit to cancel the contract because of such non-payment, plaintiff having made no offer to return property he had received or make restitution therefor, that trial court properly adjudged for defendant; acceptance of the note being of same effect as though its amount had been paid.

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

Action by Mads N. Overgaard, against T. B. Goodhope, for cancellation of a contract for exchange of property. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Chas. H. Bartelt,* and *Allan Bogue, Jr.,* for Appellant.
*Gardner & Churchill,* for Respondent.

POLLEY, P. J.   In this action the judgment was entered in the circuit court of Hand county on the 4th day of October, 1918. On the 23d day of January, 1920, appellant served notice of motion for a new trial. This notice fixed the hearing of the motion for February 2, 1920, and on that day the motion was heard and denied. Notice of the entry of the order denying a new trial was served on counsel for appellant on the 12th day of May, 1920, and on the 8th day of July, 1920, appellant perfected an appeal from the judgment and the order denying the new trial. On the 6th day of October, 1920, respondent moved to dismiss the appeal, on the ground that said appeal had not been

taken within the time allowed by law.   Upon the return of this motion an order was entered by this court dismissing the appeal from the judgment on the ground that the appeal had not been taken within a year after the entry of such judgment.   But, the appeal from the order denying a new trial having been taken within 60 days after the service of the notice of the entry of such order, the motion to dismiss the appeal as to this order was denied.   The matter is now submitted on the merits, upon the appeal from the order denying a new trial, and respondent moves to have the order denying a new trial affirmed, on the ground that the trial court was without jurisdiction to grant a new trial.

[1]   This motion cannot be granted.   Prior to the first of July, 1919, an appeal from a judgment could be taken any time within a year after the filing of the judgment roll.   There is nothing in the record to show when, if ever, the judgment roll in this case was filed, and appellant states in his brief that the appeal was taken within the time allowed by law.   This statement is not controverted by respondent, and, in the absence of anything in the record to the contrary, appellant's statement will be taken to be true.   The judgment roll not having been filed, the time for appealing had not expired, and the trial court had not lost jurisdiction to hear the motion for new trial on the 2d day of February, 1920; and, the appeal having been taken within 60 days after serving notice of the entry of the order denying the motion, the appeal was taken within the time allowed by law, and the motion to affirm the order must be denied.   This necessitates a consideration of the case on the merits.

[2]   The controversy grew out of a contract to trade or exchange certain real estate owned by plaintiff and defendant respectively.   Under the terms of the contract each party was to deliver to the other a deed conveying title clear of incumbrance, but when the abstracts were examined it was found there were incumbrances against defendant's property.   Certain negotiations were had with a view of disposing of the differences arising out of these incumbrances, and everything was finally adjusted except an item of $165, that plaintiff claimed defendant should pay. This sum defendant does not appear to have been able to pay; but plaintiff was anxious to close the deal and in order to get it closed he accepted a promissory note for the amount involved

from a third party. Defendant then delivered the deed to his property. The deed was accepted by plaintiff, and he immediately sold the property to a third party. But he refused to deliver the deed conveying his property to defendant because the $165 had not been paid, and brought this action to cancel the contract because of the nonpayment of said sum of money, although he makes no offer to return the property he had received from defendant or to make restitution of any kind. Findings and judgment were for defendant, and plaintiff appeals.

The trial court found as a fact that the $165 note above referred to was accepted by plaintiff in payment of the amount plaintiff claimed was due him from defendant as a condition for the delivery of plaintiff's deed. We believe this finding is fully supported by the evidence; in fact, the execution and delivery of this note is explained on no other theory, and when it was accepted by plaintiff defendant was entitled to a deed for plaintiff's property according to the terms of the contract, and a decree to that effect was properly entered.

The order appealed from is affirmed.